UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERVING SANDERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-01152-JPH-KMB |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Erving Sanders' petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case CIC 24-03-0782. For the following reasons, his petition is denied, and this action is dismissed with prejudice.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On March 7, 2024, Mr. Sanders submitted to a random drug screen which returned positive for Buprenorphine (Suboxone) and Fentanyl. Dkt. 12-1. Mr. Sanders requested that the sample be sent to a lab for confirmation testing. *Id.* The lab results indicated that Mr. Sanders tested positive for Buprenorphine, Fentanyl, Norbuprenorphine, and Norfentanyl. Dkt. 12-2. As a result, on March 12, 2024, prison officials charged Mr. Sanders with offense B-202, possession or use of a controlled substance. Dkt. 12-1.

On March 27, the screening officer informed Mr. Sanders of the charge and provided him with a copy of the conduct report and the notice of disciplinary hearing (screening report). Dkt. 12-3. The screening officer informed Mr. Sanders of his rights, and he pleaded not guilty. *Id.* Mr. Sanders did not request any witnesses or physical evidence. *Id.*

On April 23, disciplinary hearing officer (DHO) J. Pardue held a hearing in case CIC 24-03-0782. Dkt. 12-6. Mr. Sanders stated, "Incorrect policy and procedure. Chain of Custody. He violated section D. He put the wrong info. He wrote the wrong DOC. I did fail, but he didn't do his job correct." *Id.* After considering the evidence, DHO Pardue found Mr. Sanders guilty of offense B202, possession or use of a controlled substance. *Id.* The DHO reasoned that, "It is clear that Sanders tested positive for Buprenorphine and Fentanyl. The DOC number is clerical. All evidence shows Sanders was tested and tested positive."

*Id.* The DHO sanctioned Mr. Sanders to, among other restrictions, a 90-day loss of earned credit time and a one-step demotion in credit class. *Id.* Mr. Sanders' appeals were denied, and this habeas action followed.

### III. Discussion

Mr. Sanders raises two grounds in support of his petition for habeas relief: (1) the Indiana Department of Correction (IDOC) violated its own policy concerning the chain-of-custody form; and (2) there was insufficient evidence to support a finding of guilt. Dkt. 2.

#### A. IDOC Policy

Mr. Sanders alleges that there were errors in the paperwork which violated the Offender Urinalysis Program Policy. Specifically, the date of the offense was shown on the chain of custody form instead of his date of birth, and his DOC number was erroneously written as 232565 instead of 232656. Alleged violations of IDOC policy do not state cognizable claims for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."). Therefore, this claim cannot support relief.

#### B. Some Evidence

Mr. Sanders' arguments about the errors on the chain of custody form are liberally construed as also raising challenges to the sufficiency of the evidence. The fact that the date of the drug screen, March 7, 2024, was written on the chain of custody form instead of Mr. Sanders' birthdate had no bearing on the

3

reliability of the testing. Dkt. 12-2. The incorrect DOC number also did not point to a different offender because the inmate with DOC number 232565 was released from custody on October 29, 2017. *See* https://www.in.gov/apps/indcorrection/ofs/ofs.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the hearing officer.

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Here, the conduct and toxicology reports provide ample support for the charge and disciplinary conviction. There was no due process error in this regard.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sanders to the relief he seeks. Accordingly, Mr. Sanders' petition for a writ of habeas corpus is **denied.** Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 5/7/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERVING SANDERS
232656
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov